IN RE: FEDERAL HOUSING FI-
NANCE AGENCY, ET AL., PRE-
FERRED STOCK PURCHASE
AGREEMENTS THIRD AMEND-
MENT LITIGATION

**MDL No. 2713**

United States Judicial Panel on
Multidistrict Litigation.

June 2, 2016

Before Sarah S. Vance, Chair, Charles
R. Breyer, Ellen Segal Huvelle, R. David
Proctor, Judges of the Panel.

* Judge Marjorie O. Rendell, Judge Lewis A.
Kaplan, and Judge Catherine D. Perry took no

## ORDER DENYING TRANSFER

Sarah S. Vance, Chair

**Before the Panel:** * Defendant Federal
Housing Finance Agency (FHFA)—con-
servator for Federal Home Loan Mort-
gage Association (Fannie Mae) and the
Federal Home Loan Mortgage Corpora-
tion (Freddie Mac)—moves under 28
U.S.C. § 1407 to centralize pretrial pro-
ceedings in this litigation in the District of
District of Columbia. This litigation con-
sists of four actions pending in four dis-
tricts, as listed on Schedule A. Additional-
ly, the Panel has been notified of four
potentially related actions pending in three
districts. Defendants, Jacob Lew, in his
official capacity as Secretary of the Trea-
sury, and the U.S. Department of the
Treasury (the Treasury Department), sup-
port the motion. All responding plaintiffs
oppose centralization. Plaintiffs in three
actions alternatively suggest centralization
in the Eastern District of Kentucky. These
plaintiffs, and plaintiffs in the District of
Delaware action also alternatively suggest
exclusion of the District of Delaware ac-
tion. A preferred stock investor in Fannie
Mae and Freddie Mac, who has served a
demand letter on the companies' boards,
argues that his prospective claims are dis-
tinguishable from the actions before the
Panel.

On the basis of the papers filed and
hearing session held, we conclude that cen-
tralization is not necessary for the conven-
ience of the parties and witnesses or to
further the just and efficient conduct of
the litigation. These actions arise from the
agreement in August 2012 between FHFA
and the Treasury Department to enter into
the third amendment of their preferred
stock purchase agreement. Specifically,
most plaintiffs allege that the third amend-

part in the decision of this matter.

ment constituted a *de facto* nationalization of Fannie Mae and Freddie Mac that extinguished the private shareholders' economic interests in the companies by replacing a fixed quarterly dividend with a variable dividend equal to Fannie Mae's and Freddie Mac's quarterly earnings, if any, less a small and decreasing capital reserve.

Plaintiffs opposing centralization argue that there are not sufficient common disputed facts to warrant centralization, and that discovery will be minimal. Defendants have not persuasively refuted these arguments. We have held that, "where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re: Lifewatch, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 140 F.Supp.3d 1342, 1343 (J.P.M.L.2015). Defendants have not met that burden here, where just four actions are pending involving primarily common legal, rather than factual, issues. While FHFA has notified the Panel of four potentially-related actions, these actions differ in significant ways from the actions on the motion. Two actions do not name FHFA or the Treasury Department as defendants, but rather are brought against the auditors of Fannie Mae and Freddie Mac. The other two actions are "books and records" actions, which plaintiffs argue are expedited proceedings that will be slowed down by the pace of centralized proceedings. Were there a stronger case for centralization here—a larger number of cases or a great deal of overlapping discovery—these differences in a small number of potential tag-along actions might be less significant. But as it stands, they lend weight to the conclusion that centralization is not appropriate.

Defendants' arguments supporting centralization focus largely on the threshold jurisdictional issues that will be present in all actions. In each action, defendants will argue that the Housing Economic Recovery Act of 2008 bars judicial review of the third amendment, and that plaintiffs lack standing because FHFA has succeeded to "all rights, titles, powers, and privileges" of shareholders. *See* 12 U.S.C. §§ 4617(f), 4617(b)(2)(a)(i), (f). But these are common legal, rather than factual, questions, and we have held that "[m]erely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re: Medi–Cal Reimbursement Rate Reduction Litig.*, 652 F.Supp.2d 1378, 1378 (J.P.M.L. 2009). We also have held though that litigation involving common legal questions is appropriate for centralization when it will eliminate duplicative discovery and prevent inconsistent pretrial rulings, including with respect to identification of an underlying administrative record. *See In re: Polar Bear Endangered Species Act Listing and § 4(d) Rule Litig.*, 588 F.Supp.2d 1376, 1377 (J.P.M.L.2008). That is not the case here. Whether these actions will share disputes regarding the sufficiency of the administrative record is purely hypothetical. Moreover, several plaintiffs already have been provided with relevant discovery in a similar action pending in the Court of Federal Claims, making further discovery in these actions potentially unnecessary.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2713 — IN RE: FEDERAL HOUSING FINANCE AGENCY, ET AL., PREFERRED STOCK PURCHASE AGREEMENTS THIRD AMENDMENT LITIGATION

District of Delaware
*JACOBS, ET AL. v. FEDERAL HOUSING FINANCE AGENCY*, ET AL., C.A. No. 1:15–00708

Northern District of Illinois

*ROBERTS, ET AL. v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,* C.A. No. 1:16–02107

Northern District of Iowa

*SAXTON, ET AL. v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,* C.A. No. 1:15–00047

Eastern District of Kentucky

*ROBINSON v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,* C.A. No. 7:15–00109

* Judges Lewis A. Kaplan and Catherine D. Per- ry took no part in the decision of this matter.